IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SPECIALTY SURFACES INTERNATIONAL, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.<br>)<br>) |
| DELUXE ATHLETICS, LLC, and PAULDING COUNTY SCHOOL DISTRICT | ) JURY TRIAL DEMANDED<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Plaintiff Specialty Surfaces International, Inc. ("SSI"), for its Complaint against Defendant, Deluxe Athletics, LLC ("Deluxe Athletics") and the Paulding County School District ("PCSD"), hereby alleges as follows:

## PARTIES

1.   Specialty Surfaces International, Inc. is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business within this District.

2.   Upon information and belief, Defendant Deluxe Athletics is a limited liability company organized under the laws of the State of Georgia, with

its principal place of business within this District. Defendant's registered agent for service of process is National Registered Agents Inc. located at 1201 Peachtree Street N.E., Suite 1240, Atlanta, Georgia, 30361.

3. Upon information and belief, Defendant PCSD is organized under the laws of the State of Georgia operating within this District at 3236 Atlanta Highway, Dallas, Paulding County, Georgia 30132. Defendant may be served with summons and process within this Judicial District by service through the Superintendent, Cliff Cole, at 3236 Atlanta Highway, Dallas, Paulding County, Georgia 30132.

## JURISDICTION AND VENUE

4. This is an action against Defendants Deluxe Athletics and the PCSD for patent infringement arising under the Patent Laws of the United States, specifically 35 U.S.C. § 271 and 35 U.S.C. § 281.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the laws of the United States and specifically involves claims arising under the United States Patent Act, 35 U.S.C. § 1, et seq.

6. This Court has personal jurisdiction over Deluxe Athletics because on information and belief, Deluxe Athletics is a citizen of Georgia and the acts of

infringement by Deluxe Athletics under 35 U.S.C. § 271, et seq. were committed within this Judicial District. On further information and belief, Deluxe Athletics does business in Georgia and within this Judicial District. This Court has personal jurisdiction over the PCSD which is located in and operates within this Judicial District. The acts of infringement committed by the PCSD under 35 U.S.C. § 271, et seq. were committed within this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391.

## U.S. PATENT No. 5,976,645

8. Specialty Surfaces International, Inc. together with and through its affiliate/licensee, Sprinturf, LLC ("Sprinturf") designs, manufactures, and installs artificial turf products for recreation play and professional sports in schools, universities, and sports facilities in North America and internationally.

9. Plaintiff is the owner by assignment of all right, title, and interest in U.S. PATENT No. 5,976,645 ('645 Patent"). Attached as Exhibit A.

10. The application that became the '645 Patent was filed on June 1, 1998.

11. The '645 Patent issued on November 2, 1999, after full and fair examination by the United States Patent Office.

12. The '645 Patent is valid and enforceable.

13. The '645 Patent describes a novel vertically draining synthetic turf having reduced abrasiveness and increased resilience compared to conventional synthetic turf. Among other things, the '645 Patent claims a synthetic turf comprising a sub-surface layer, a porous aggregate layer, a pile fabric over said porous aggregate layer, the pile fabric comprising a backing that includes a woven layer and a non-woven layer bound together, and infill for the pile fabric consisting essentially of resilient particles.

## THE CONTROVERSY

14. Upon information and belief, on or about May 7, 2014, the Paulding County School District ("PCSD") invited responses to a Request for Proposal (Number 05-0708) ("RFP") to supply an installation of a complete vertical draining, infill synthetic turf surfacing system at two (2) Paulding County high schools' football fields. RFP attached as Exhibit B.

15. The RFP specifications, to supply and install an infill synthetic turf surfacing system, call for synthetic turf "consisting essentially of resilient particles" with a woven/non-woven primary backing.

16. On or about May 27, 2014, Sprinturf, LLC, an authorized licensee, manufacturer, seller and installer of Plaintiff under the '645 Patent, notified the PCSD that a field installed in accordance with the PCSD's specification would

infringe the '645 Patent. Exhibit C. Accordingly, upon information and belief, the PCSD had actual knowledge of the '645 Patent and the claim that a field installed in accordance with the RFP specification would infringe the '645 Patent at least as early as May 27, 2014, prior to awarding the project and prior to reviewing the bid submissions.

17. On or about May 28, 2014, a representative of the PCSD responding to the May 27, 2014 email notice, notified Sprinturf that the specification would not be changed from the published specification in the RFP. Exhibit C.

18. Upon information and belief, Deluxe Athletics bid on the RFP with an infill synthetic turf surfacing system of a woven/non-woven turf backing in combination with a 100% rubber infill ("Accused Products"). Exhibit D.

19. The Accused Products contain each limitation set forth in one or more claims of the '645 Patent.

20. Sprinturf submitted a response to the RFP that included a proposed turf installation in accordance with the PCSD's specification.

21. Sprinturf's bid was $599,865.95 and Deluxe Athletics' bid was $589,985.00. Exhibit E.

22. On information and belief, with knowledge of the '645 Patent, the Board of PCSD awarded the project, described in the RFP, to Deluxe Athletics despite the fact that Deluxe Athletics was not the lowest bidder. Exhibit F.

23. Defendants do not have a license or other authorization to practice the claims set forth in the '645 Patent.

24. On or about June 16, 2014, Plaintiff's counsel sent notice to Deluxe Athletics of the '645 patent and that an installation in accordance with PCSD's RFP specification would infringe the '645 patent. Exhibit G. Accordingly, on information and belief, Deluxe Athletics had actual knowledge of the '645 Patent and the claim that a field installed in accordance with the RFP specification would infringe the '645 Patent at least as early as June 16, 2014, prior to completing the field installations.

25. On or about July 11, 2014, counsel for Plaintiff notified the Paulding County School Superintendent and counsel for PCSD of the '645 Patent and that a field installed in accordance with the PCSD's specification would infringe the '645 Patent. Exhibit H.

26. On or about August 21, 2014, in a case captioned, *Specialty Surface International, Inc. v. Deluxe Athletics, LLC,* Civil Action 1:14-cv-02717, (N.D.Ga. August 21, 2014) (the "Litigation"), Plaintiff filed suit against Deluxe Athletics for

alleged infringement of the '645 Patent. The Litigation was later voluntarily dismissed without prejudice by Plaintiff pursuant to F.R.C.P. 41(a)(1)(A)(i) on January 29, 2015.

27.    On or about August 21, 2014, Plaintiff notified Chris Daniluk of Deluxe Athletics and W. Thomas Cable, counsel for PCSD of the Litigation.

28.    On or about August 28, 2014 and September 24, 2014, counsel for Deluxe Athletics notified undersigned counsel that contrary to the specification that the PCSD had refused to change, Deluxe Athletics had instead installed a field in accordance with an alternate non-conforming specification that purportedly included .5 pounds per square foot of sand in addition to the rubber infill. Exhibit I. Upon information and belief, following an inquiry by Plaintiff's counsel to counsel for the PCSD, the PCSD declined to confirm or deny whether the deviation from the published specification in the RFP was approved or authorized by the PCSD.

29.    On or about November 1, 2014, an independent analyst contracted by Sprinturf, tested the infill at the fields installed by Deluxe Athletics at North and South Paulding High Schools and reported that it found no detectable sand in the samples taken. Exhibit J.

## THE COUNT: PATENT INFRINGEMENT--U.S. PATENT NO. 5,976,645

30. SSI restates and incorporated by reference each allegation and averment of paragraphs 1-29 above.

31. Defendants have directly infringed the '645 Patent in violation of 35 U.S.C. § 271(a).

32. Defendants have made, used, offered for sale, distributed, sold and/or imported into the United States infill synthetic turf surfacing systems, other products, and methods of installing them, which infringe the '645 Patent.

33. SSI owned the '645 Patent throughout the period of the Defendants' infringing acts and still owns the patent.

34. Defendants have caused and will continue to cause SSI irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or contributing to infringement of the '645 Patent. SSI will suffer further irreparably injury, for which SSI has no adequate remedy at law, unless and until Defendants are enjoined from infringing the '645 Patent.

35. Defendants had actual knowledge of the '645 Patent and the claim that a field installed in accordance with the RFP specification would infringe the '645 Patent and acted with willful blindness to the claim of infringement. Defendants' infringement constitutes willful and intentional infringement

making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorneys' fees to SSI within the provisions of 35 U.S.C. §§ 284-85.

## PRAYER FOR RELIEF

Plaintiff has suffered damages as the direct and proximate result of Defendants' infringement of the '645 Patent.

WHEREFORE, Plaintiff prays that:

(1) This Court enter judgment in favor of Plaintiff and against Defendants for infringement of the '645 Patent;

(2) This Court award damages to Plaintiff and against Defendants in an amount to be proven at trial for infringement of the '645 Patent, pursuant to 35 U.S.C. § 284;

(3) This Court award enhanced damages to Plaintiff and against Defendants in an amount equal to three times Plaintiff's damages for infringement of the '645 Patent based upon Defendants' willful infringement and/or bad faith, pursuant to 35 U.S.C. § 284;

(4) This Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, as appropriate, and award Plaintiff its attorney's fees in this action;

(5) This case be tried before a jury; and

(6) Plaintiff has such other and further relief as the Court deems just and proper, premises considered.

## JURY TRIAL DEMANDED

SSI hereby demands a trial by jury on all issues so triable.

This 29th day of January, 2015.

Respectfully submitted,

By: /s/ John P. Fry
John P. Fry
Georgia Bar No. 278705
E-mail: jfry@mmmlaw.com
Benjamin Warlick
Georgia Bar No. 594669
E-mail: bwarlick@mmmlaw.com

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ John P. Fry
John P. Fry
Georgia Bar No. 278705
E-mail: jfry@mmmlaw.com